UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---------------------------------------------------------------

CARMEN C. GUICHARDO,

                Plaintiff,

v.

MARIO BARRAZA or JOHN DOE #1,

                Defendant.

---------------------------------------------------------------

NOT FOR PUBLICATION

**MEMORANDUM & ORDER**
16-CV-1222 (MKB)

MARGO K. BRODIE, United States District Judge:

On March 9, 2016, Plaintiff Carmen C. Guichardo, proceeding *pro se*, filed the above-captioned action alleging jurisdiction principally pursuant to the Deadbeat Parents Punishment Act of 1998, 18 U.S.C. § 228, and 42 U.S.C. § 1983. The Court grants Plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915. As more fully explained below, the Court dismisses Plaintiff's action for failure to state a claim upon which relief may be granted, and as precluded by the domestic relations exception.

    **I.  Background**

Plaintiff alleges that Defendant is the father of her adult son and has failed to make any financial contributions for his support. (Compl. 1, Docket Entry No. 1.) Plaintiff seeks to have this Court, among other actions, garnish Defendant's wages, offset Defendant's tax returns, freeze his bank accounts, suspend and revoke any professional or driver's license, hold him in contempt, deny him the right to renew his passport, and direct him to pay restitution for unpaid child support. (*Id.*)

Since 2015, Plaintiff, together with other family members, has filed five actions in this

Court. *See Guichardo v. Hanson*, No. 15-CV-585 (E.D.N.Y. May 20, 2016) (dismissing amended complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure); *Guichardo v. Langston Hughes Queens Library*, No. 15-CV-02866 (E.D.N.Y. Nov. 20, 2015) (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure); *Guichardo v. Keefrey*, No. 15-CV-6478, 2015 WL 7575904 (E.D.N.Y. Nov. 24, 2015) (dismissing complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and for failure to conform with the federal pleading requirements under Rule 8 of the Federal Rules of Civil Procedure, and allowing Plaintiffs to file an amended complaint); *Guichardo v. Dollar Tree*, No. 16-CV-1221 (filed on March 9, 2016).

## II. Discussion

### a. Standard of review

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Iqbal*, 556 U.S. at 678. In reviewing a *pro se* complaint, the court must be mindful that a plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104–105 (1976)); *see Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after

*Twombly*, the court "remain[s] obligated to construe a *pro se* complaint liberally").

Nevertheless, the Court is required to dismiss *sua sponte* an *in forma pauperis* action if the Court determines it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Additionally, if the Court "determines at any time that it lacks subject-matter jurisdiction, the Court must dismiss the action." Fed. R. Civ. P. 12(h)(3); *see also Cortlandt St. Recovery Corp. v. Hellas Telecomms., S.À.R.L.*, 790 F.3d 411 (2d Cir. 2015) (A district court may dismiss an action for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) when the court "lacks the statutory or constitutional power to adjudicate it . . . ." (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000))).

### b. Deadbeat Parents Punishment Act of 1998

The Child Support Recovery Act of 1992, as amended by the Deadbeat Parents Punishment Act of 1998, 18 U.S.C. § 228 (hereinafter "the Deadbeat Parents Act" or "Act"), makes it a federal crime to willfully fail to pay child support obligation to a child in another state. The Act was intended by Congress to strengthen state efforts to enforce child support obligations against parents who flee across state lines. The Act "addresses the growing problem of interstate enforcement of child support by punishing certain persons who intentionally fail to pay their child support obligations." H.R. Rep. No. 102-771, at 4 (1992). The Act, however, is a criminal statute and does not create an implied private right of action on behalf of custodial parents. *Alaji Salahuddin v. Alaji*, 232 F.3d 305, 311 (2d Cir. 2000). The Act does not create a federal right but merely criminalizes conduct that infringes state-created rights. *Id.* The Court therefore dismisses Plaintiff's claims brought pursuant to the Deadbeat Parents Act for failure to

3

state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

### c. Section 1983

In order to sustain a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Section 1983 "constrains only state conduct, not the 'acts of private persons or entities.'" *Hooda v. Brookhaven Nat'l Lab.*, 659 F. Supp. 2d 382, 393 (E.D.N.Y. 2009) (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 837 (1982)); *see also Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999) ("[T]he under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." (citation and internal quotation marks omitted)); *Moose Lodge No. 107 v. Irvis*, 407 U.S. 163, 173 (1972). Accordingly, a claim for relief pursuant to section 1983 must allege facts showing that the challenged conduct was "committed by a person acting under color of state law." 42 U.S.C. § 1983.

Here, Barraza is a private individual whose conduct cannot be attributed to the State. *See Harrison v. New York*, No. 14-CV-1296, 2015 WL 1413359, at *18 (E.D.N.Y. Mar. 20, 2015) (noting that section 1983 constrains state conduct, not the acts of private individuals or entities); *Netterville v. City of New York*, No. 12-CV-6794, 2013 WL 541503, at *3 (S.D.N.Y. Feb. 7, 2013) (noting that section 1983 cannot support a claim against mother for whom child support is being ordered). Therefore, Plaintiff's claims brought pursuant to section 1983 are dismissed for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

4

### d. Domestic relations exception

Although it is unclear that Plaintiff has initiated any state court proceedings to establish paternity and seek child support, the domestic relations exception precludes this action. *Sobel v. Prudenti*, 25 F. Supp. 3d 340, 353 (E.D.N.Y. 2014) (the exception "'divests the federal courts of power to issue divorce, alimony, and child custody decrees'" (quoting *Akenbrandt v. Richards*, 504 U.S. 689, 703 (1992))).

It is well settled that "the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States." *In re Burrus*, 136 U.S. 586, 593–94 (1890); *see also United States v. Windsor*, 570 U.S. ---, ---, 133 S. Ct. 2675, 2691 (2013) ("[S]ubject to [constitutional] guarantees, regulation of domestic relations is an area that has long been regarded as a virtually exclusive province of the States." (citation and internal quotation marks omitted)). "So strong is [the Supreme Court's] deference to state law in this area that [the Supreme Court has] recognized a 'domestic relations exception' that 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.'" *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) (quoting *Ankenbrandt*, 504 U.S. at 703); *see also Keane v. Keane*, 549 F. App'x 54, 55 (2d Cir. 2014) (stating that the "domestic relations exception to subject matter jurisdiction generally encompasses . . . cases involving the issuance of a divorce, alimony, or child custody decree" (citation and internal quotation marks omitted)); *Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir. 1967) ("Since the very early dicta [of] *In re Burrus*, 136 U.S. 586 (1890), it has been uniformly held that federal courts do not adjudicate cases involving the custody of minors and, a fortiori, rights of visitation."); *Ashmore v. New York*, No. 12-CV-3032, 2012 WL 2377403, at *1 (E.D.N.Y. June 25, 2012) ("Federal courts 'lack[] jurisdiction to interfere with . . . ongoing state court

proceedings concerning the custody and care of . . . children.'" (alterations in original) (quoting *Abidekun v. N.Y.C. Bd. of Educ.*, No. 94-CV-4308, 1995 WL 228395, at *1 (E.D.N.Y. Apr. 6, 1995))). The exception "stems from 'the policy consideration that the states have traditionally adjudicated marital and child custody disputes and therefore have developed competence and expertise in adjudicating such matters, which federal courts lack.'" *Sobel*, 25 F. Supp. 3d at 353 (quoting *Thomas v. New York City*, 814 F. Supp. 1139, 1146 (E.D.N.Y. 1993)).

Plaintiff styles some of her claims as raising constitutional issues, but the allegations stem from a state domestic relations matter — the failure to pay child support. *See Graham v. Distasio*, No. 14-CV-6677, 2015 WL 336473, at *3 (E.D.N.Y. Jan. 23, 2015) (noting that the court lacked subject matter jurisdiction over child support claim); *see also Kneitel v. Palos*, No. 15-CV-2577, 2015 WL 3607570, at *4 (E.D.N.Y. June 8, 2015) (noting that federal courts generally lack jurisdiction over child support matters). Accordingly, to the extent that Plaintiff seeks to have this Court make a determination regarding any alleged child support that may be due to her, the Court lacks jurisdiction to do so.

e. **Warning to Plaintiff**

Plaintiff's Complaint fails to plausibly assert any claim for relief. Plaintiff is advised that the future filing of non-meritorious complaints shall not be tolerated by this Court. *See Lau v. Meddaugh*, 229 F.3d 121, 123 (2d Cir. 2000) ("The district courts have the power and obligation to protect the public and the efficient administration of justice from individuals who have a history of litigation entailing vexation, harassment and needless expense to other parties and an unnecessary burden on the courts and their supporting personnel."); *see also Pandozy v. Tobey*, 335 F. App'x 89, 92 (2d Cir. 2009); *Jenkins v. Eaton*, No. 08-CV-713, 2010 WL 3861050, at *6 (E.D.N.Y. Aug. 25, 2010).

**III. Conclusion**

The Complaint is dismissed for failure to state a claim upon which relief may be granted, *see* 28 U.S.C. § 1915(e)(2)(B), and as precluded by the domestic relations exception. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status is denied for purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED:

s/ MKB
MARGO K. BRODIE
United States District Judge

Dated: June 22, 2016
      Brooklyn, New York